SOLOMON JONES, Appellant, v. JOSEPH WITTNER, Respondent.

*Specific performance of a contract to exchange real estate — objections known when the contract was made are not available — it is too late after one has refused to perform to put the other party in the wrong.*

Upon the trial of an action brought to compel the specific performance of an alleged contract for the exchange of real estate in the city of New York, it was shown that Solomon Jones made a payment to Joseph Wittner on account of a contract to be entered into between them for the exchange of such real estate, and that a receipt was given to Jones, reciting generally the terms of the proposed contract, and stating that the parties were to meet together for the purpose of signing a formal contract, and at that time of making an additional payment, from the face of which receipt it appeared that a more formal contract was to be entered into.

At the time fixed for the execution of the formal contract objections were raised upon the part of the persons pretending to represent Jones, but really representing themselves, Jones being merely a " dummy," that certain leases were upon the premises, and they refused to execute the contract unless additional time was given them and concessions were made in regard to certain mortgages and payments.

At the time of the giving of the receipt and the making of the payment, the parties interested were told of the existence of the leases upon such premises, and the objection made on account of them was made simply for the purpose of securing a change in the terms of the proposed exchange.

*Held*, that Jones, having made a payment with full knowledge of the existence of the leases, could not avail himself of them as an objection to his signing the formal contract, simply because the receipt of the money did not mention such leases ;

That upon the trial it was too late to attempt to put the defendant in the wrong, when the latter had been ready and willing to perform his part of the agreement, and the plaintiff, by the real parties in interest, had refused to carry out his part thereof.

APPEAL by the plaintiff, Solomon Jones, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of February, 1893, upon the decision of the court rendered after a trial at the New York Special Term, as amended by an order entered in said clerk's office on the 2d day of March, 1893.

*B. N. Cardozo*, for the appellant.

*J. H. Cohen*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to compel the specific performance of an alleged contract for the exchange of property in the city of New York. In the disposition of this appeal it is not necessary to state with particularity the facts which were developed by the testimony. It would appear from the evidence that the plaintiff was a mere dummy, if he ever had any substantial existence, and that his name was used for the purpose of concealing from the defendant the real parties with whom he was dealing. After a considerable number of negotiations, in which an unusual number of alleged brokers seem to have intervened, a payment on account of a contract to be entered into was made by the plaintiff to the defendant, and a receipt given reciting generally the terms of the proposed contract, it appearing upon the face of this receipt that a more formal contract was to be entered into. At the time fixed for the execution of the formal contract objections were raised upon the part of the persons pretending to represent the plaintiff, but really representing themselves, that certain leases were upon the premises and that they would not execute the contract unless additional time was given them and concessions made in respect to certain mortgages and payments. The evidence more than justified the finding that at the time of the giving of the receipt in question and the making of the payment, the parties interested were told of the existence of these leases upon the defendant's premises and that this excuse in respect to the leases was made for the purpose of procuring their wishes in reference to the change of terms, they having come to the conclusion that they had probably paid a little too much for the property in question.

It is urged that the receipt upon the part of the appellant was a complete contract, and that, therefore, the defendant could not show that the existence of these leases was known to the parties interested and had been disclosed to them prior to the making of the receipt upon the ground that it varied the terms of the contract. But it is apparent upon a reading of this instrument that it was not intended to be the contract between the parties; but that it was a mere general statement, and that the parties were to meet together for the purpose of signing a formal contract and at that time making an additional payment. The parties having made the pay-

ment on account with full knowledge of the existence of these leases, they could not avail themselves of the objection, when the formal contract came to be signed, that the receipt for the money did not mention these incumbrances. As has already been suggested, this question in regard to the leases was a mere afterthought, they having come to the conclusion that they desired a variation in the terms agreed upon, and it was attempted to be used for that purpose. Under these circumstances certainly the plaintiff cannot come into a court of equity and claim either a completion of this contract or a recovery of the payment which he has made on account. He refused to complete; he failed to comply with the agreement in respect to the execution of the instruments; and it was too late for him upon the trial to attempt to put the defendant in the wrong when the latter had been ready and willing to perform his part of the agreement, and the plaintiff by the real parties in interest had refused to carry out his part.

It is true that there was an attempt made upon the part of the plaintiff to show that there had been an offer to perform on the twentieth of August, the day at which the title was to have been passed. But the evidence upon the part of the defense is that there was no such tender as was alleged on the part of the plaintiff; but that only the money which was to have been paid on the twenty-first of July was tendered, and that there were no papers offered or shown. It is manifest that the whole plan upon the part of the parties operating in the name of the plaintiff was to force the defendant to accept different terms from those which he had agreed upon, and upon his refusal to alter the same they refused to carry out the contract. The defendant was not called upon to hold his property subject to the whims and caprices of these persons.

The judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.